**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2528
_____

GABRIEL CASSELL,
                                        Appellant

v.

THE COUNTY OF MONTGOMERY PENNSYLVANIA; MONTGOMERY COUNTY
DOMESTRIC RELATIONS; THE COUNTY OF RAMSEY MINNESOTA; OLIVIA J.
SEWARD; JENNIFER KEKKING; JULIE LA FLEUR
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-01077)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 13, 2018
Before:  GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: June 21, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gabriel Cassell, proceeding pro se, appeals from the District Court's order dismissing as moot his motion for a preliminary injunction. For the following reasons, we will dismiss the appeal as moot.

In March 2017, Cassell filed a pro se civil rights action in the United States District Court for the Eastern District of Pennsylvania. Cassell alleged several violations of his constitutional rights related to the enforcement of a child support order that was issued by a Minnesota state court. Cassell's complaint named as defendants the County of Montgomery, Pennsylvania ("Montgomery County"), the Montgomery County Domestic Relations Division ("MCDR"), Jennifer Hekking, Olivia J. Seward, the County of Ramsey, Minnesota ("Ramsey County"), and Julie La Fleur. At the time Cassell filed his complaint, he also filed a motion for preliminary injunction against all defendants. Defendants Montgomery County, MCDR, Hekking, and La Fleur filed motions to dismiss for failure to state a claim. By order entered June 21, 2017, the District Court granted the defendants' motions and dismissed Cassell's motion for a preliminary injunction as moot. Cassell appealed the dismissal of his motion for a preliminary injunction. Subsequently, the District Court dismissed all claims against the remaining defendants, Ramsey County and Seward, for failure to prosecute pursuant to Federal Rule of Civil Procedure 4(m).[1] On appeal, Cassell does not present an argument against the

---

[1] When the District Court granted the defendants' motions to dismiss and dismissed Cassell's motion for a preliminary injunction, Cassell had not properly served Defendants Ramsey County and Seward. The Court notified Cassell that he was required to properly serve Ramsey County and Seward within a specified time. When Cassell failed to do so,

District Court's dismissal of his complaint, but argues only that the District Court erred in dismissing as moot his motion for a preliminary injunction.[2]

We have appellate jurisdiction to review an order denying a motion for a preliminary injunction under 28 U.S.C. § 1292(a)(1). "We generally review a district court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo." Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009).

The District Court properly dismissed as moot Cassell's motion for a preliminary injunction. Because the District Court entered a final order in the case, Cassell's appeal of the dismissal of his motion for a preliminary injunction is moot. See Hankins v. Temple Univ. (Health Scis. Ctr.), 829 F.2d 437, 438 n.1 (3d Cir. 1987) ("Appellant's interlocutory appeal from the denial of her motion for a preliminary injunction was rendered moot by the issuance of the district court's final order on the merits."). As that is the only issue before us, we will dismiss the appeal.

---

the District Court dismissed all claims against them.

[2] In his brief on appeal, Cassell specifically states that, "Appellant will not be addressing the [D]istrict [C]ourt's ruling on the complaint." Appellant's Brief, at 6. Because Cassell did not raise any argument regarding the District Court's dismissal of his complaint, he has waived that issue on appeal. United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").